■ HOT WATER SPECIALISTS, INC., Respondent-Appellant, v HANS BAZLEN, Individually and Doing Business as GERMONDS VILLAGE Co., Appellant-Respondent. GERMONDS VILLAGE CORPORATION, Third-Party Defendant. — In an action to recover rents due pursuant to two leasing agreements, (1) defendant third-party plaintiff appeals from so much of a judgment of the Supreme Court, Rockland County (Martin, J.), entered September 2, 1981, as awarded judgment to plaintiff in the sum of $11,457.38; and (2) plaintiff cross-appeals from so much of the same judgment as limited its recovery to rentals through December 30, 1979. Judgment reversed, on the law and in the interest of justice, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate judgment consistent herewith. The findings of fact as to liability are affirmed. The judgment shall remain on the record in the interim. On January 8, 1975, plaintiff's assignor, Orange and Rockland Utilities, Inc. (O&R), entered into two leasing agreements with defendant for the rental of 68 water heaters which had been installed in defendant's apartment complex pursuant to earlier leasing agreements. By the terms of the leasing agreements, defendant was to pay a monthly rental of $166.60. Sixty of the units were located in individual apartments, while the remaining eight were in the laundry room. Sometime thereafter, the apartment complex was converted into condominiums. Both defendant and the president of the board of managers of the condominium corporation denied ever having received a rental bill from O&R for any of the units. By agreement dated December 30, 1977 plaintiff purchased O&R's water-heater business, including its leases, accounts receivable, files, etc. The agreement provided, *inter alia,* that plaintiff "shall terminate and cancel all of the leases transferred to it by [O&R] within 2 years of the Closing Date". In June, 1978 while reviewing its files, plaintiff discovered the leases in question and promptly requested payment of past due rents from defendant. There followed a series of communications between the parties and in December, 1978, a final demand for payment was rejected. Plaintiff commenced the instant action in March, 1979 to recover rents due from January, 1975 to the date of the complaint. The complaint was subsequently amended at trial to include a claim for rents due to February, 1981. At the conclusion of the trial, the court held that while plaintiff was entitled to recover past due rents for the 68 water heaters, by virtue of the affirmative covenant contained in the purchase agreement between plaintiff and its assignor, O&R, expressly requiring plaintiff to terminate all leases within two years, the right to recovery was limited to rents accruing through December 30, 1979. The court stated: "Even though the leases were never cancelled as required under the agreement it is the opinion of this court that not only were the plaintiff's right to sue on the leases limited by the affirmative covenant, but in addition the defendant is a third-party beneficiary under the terms of the affirmative covenant, and as such was only obligated to pay rent pursuant to the lease provisions for a period of two years from the date of the purchase agreement". We agree with the trial court's determination that plaintiff was entitled to recover back rents on the 68 water heaters. We disagree, however, with the determination to limit that recovery to rents due through December 30, 1979. This limitation on plaintiff's right of recovery was predicated upon defendant's purported right as

a third-party beneficiary to enforce the covenant in the purchase agreement between plaintiff and O&R calling for termination of all leases within two years. Status as a third-party beneficiary is determined by reference to the intent of the parties to the agreement under which such status is claimed (see *Lawrence v Fox,* 20 NY 268; *Beveridge v New York Elevated R. R. Co.,* 112 NY 1). The record at bar is devoid of any evidence to show that defendant was an intended beneficiary of the covenant calling for cancellation of all leases within two years. That covenant was intended to release O&R from its liabilities under the leases. It was not intended to benefit the lessees. Therefore, defendant was not an intended third-party beneficiary who was entitled to enforce the covenant. Accordingly, plaintiff is entitled to judgment for past due rent for the period from January, 1975 through February, 1981. In light of our determination herein, the award of damages to defendant on his third-party claim against the condominium corporation must be readjusted accordingly. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.